**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SYLVIA RIZEK, | ) | CASE NO. 5:23-cv-721 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| WAL-MART STORES EAST, LP, et al., | ) | AND ORDER |
| | ) | |
| DEFENDANTS. | ) | |

Before the court is defendant The American Bottling Company's ("TABC") motion to dismiss the claim against it under Fed. R. Civ. P. 12(b)(6). (Doc. No. 35 (Motion to Dismiss).) Plaintiff Sylvia Rizek ("Rizek") filed an opposition to the motion (Doc. No. 41 (Opposition to Motion to Dismiss)), and TABC filed a reply. (Doc. No. 42 (Reply in Support of Motion to Dismiss).) Rizek then filed a motion for leave to file a third amended complaint (Doc. No. 45 (Motion for Leave to Amend)), and TABC filed a memorandum in opposition to the motion to amend. (Doc. No. 46 (Opposition to Motion for Leave to Amend).) For the reasons given herein, TABC's motion to dismiss is GRANTED, and Rizek's motion for leave to amend her complaint is DENIED.

**I.  BACKGROUND**

On April 3, 2021, Rizek was shopping at a Wal-Mart store in Akron, Ohio when a soda shelf collapsed, resulting in the shelf and several bottles of soda striking Rizek. (Doc. No. 29 (Second Amended Complaint ["SAC"] ¶¶ 10–13).) Wal-Mart employees, who had

been stocking shelves on the opposite side of the aisle, rushed toward Rizek to ask whether "she was alright[.]" (*Id.* ¶¶ 14–15.) Rizek responded "no" and asked for the manager. (*Id.* ¶ 16.) When the manager arrived on the scene, Rizek asked her to call an ambulance, and the manager stated that she could not call an ambulance on Rizek's behalf. (*Id.* ¶¶ 18–19.) The manager then took an incident report and walked away. (*Id.* ¶ 20.) Rizek alleges that, as a result of this incident, she suffered serious and permanent physical injures as well as economic damages. (*Id.* ¶¶ 25–29.)

On March 3, 2023, Rizek filed a complaint in the Summit County Court of Common Pleas against Wal-Mart Stores, East, LP; Wal-Mart Stores, Inc.; and John and Jane Does 1-3, whom Rizek alleged were "Wal-Mart associates, employees, and/or agents who caused and/or contributed" to her accident. (*See* Doc. No. 1-1 (Complaint) ¶¶ 2–4.) In this complaint, she asserted one claim against the defendants for negligence in maintaining the soda display. (*Id.* ¶¶ 8–29.) On April 7, 2023, the case was removed to this Court on the basis of diversity jurisdiction. (Doc. No. 1 (Notice of Removal) ¶ 8.)

On July 10, 2023, Rizek filed her first amended complaint ("FAC"), adding Pepsi Cola General Bottlers ("Pepsi") as a defendant and alleging that Pepsi's employees had failed to maintain the soda shelves in a reasonably safe condition. (Doc. No. 11 (FAC) ¶¶ 31–52.) The FAC eliminated Wal-Mart Stores, Inc. as a defendant, thus clarifying that Wal-Mart Stores, East, LP was the correct defendant (*see generally id.*), and it established that John and Jane Does 1-3 were "Wal-Mart and/or Pepsi associates, employees and/or agents." (*Id.* ¶ 5.) In the FAC, Rizek raised one count of negligence each against Wal-Mart and Pepsi. (*See generally id.*)

2

On December 6, 2023, after learning that TABC, not Pepsi, was the entity responsible for maintaining the soda display, Rizek filed a second amended complaint, adding TABC as a defendant. (Doc. No. 29 ¶¶ 31–52.) Count I of the SAC asserts a state law negligence claim against Wal-Mart and its employees, while Count II asserts a similar negligence claim against TABC and its employees. (*See generally id.*)

## II. MOTION TO DISMISS

### A. Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, Rule 8 still requires a complaint to provide the defendant with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true," to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020) (quoting *Rudd v. City of Norton Shores*, 977 F.3d 503, 511 (6th Cir. 2020)) ("When determining whether [plaintiff's] complaint meets this standard 'we accept as true its factual allegations and draw all reasonable inferences in his favor, but we disregard any legal conclusions.'") (further citation omitted).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

3

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2) (second alteration in original)). In such a case, the plaintiff has not "nudged [its] claims across the line from conceivable to plausible, [and the] complaint must be dismissed." *Twombly*, 550 U.S. at 570. "The plausibility of an inference depends on a host of considerations, including common sense . . . ." *Ryan*, 979 F.3d at 524 (quoting *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (citing *Iqbal*, 556 U.S. at 678)).

While a complaint need not set down in detail all the particulars of a plaintiff's claim, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79 (stating that this standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). That said, "[t]he pleading standard is generally construed quite liberally." *Ryan*, 979 F.3d at 524 (citing *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 625 (6th Cir. 2013)). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### B. Discussion

TABC contends that Rizek's negligence claim against it must be dismissed as time-barred. (Doc. No. 35, at 3.)[1] It argues that the relevant incident took place on April 3, 2021,

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

and Rizek did not sue TABC until December 6, 2023, thus exceeding the two-year statute of limitations that applies to personal injury claims in Ohio. (*Id.*)

Rizek does not dispute that the statute of limitations is two years. (*See* Doc. No. 41, at 1–4.) Nonetheless, invoking the discovery rule, she asserts that her claim is timely because she filed it within two years of learning of TABC's involvement the incident. (*Id.* at 2–4.)

The statute of limitations typically begins to run when the wrongful conduct occurs, even if "the actual injury is subsequent." *LGR Realty, Inc. v. Frank & London Ins. Agency*, 98 N.E.3d 241, 245 (Ohio 2018) (citation omitted). There are two exceptions to this rule. One is the delayed-damages rule, which applies when "the wrongful conduct complained of is not presently harmful," so "the cause of action does not accrue until actual damage occurs." *Velotta v. Leo Petronzio Landscaping, Inc.*, 433 N.E.2d 147, 150 (Ohio 1982). The other is the discovery rule, which provides:

> When an injury does not manifest itself immediately, the cause of action arises upon the date on which the plaintiff is informed by competent medical authority that he has been injured, or upon the date on which, by the exercise of reasonable diligence, he should have become aware that he had been injured, whichever date occurs first.

*O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727, 732 (Ohio 1983). While a motion to dismiss is typically "an 'inappropriate vehicle' for dismissing a claim based upon a statute of limitations[,] . . . dismissal is warranted if 'the allegations in the complaint affirmatively show that the claim is time-barred.'" *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)). The defendant bears the burden of demonstrating that the statute of limitations has run. *Id.*

The discovery rule does not apply here because Rizek's injuries *did* "manifest [themselves] immediately." *See O'Stricker*, 447 N.E.2d at 732. When Wal-Mart employees

5

asked Rizek whether "she was alright[,]" she responded "no." (Doc. No. 29 ¶¶ 15–16.) She then asked the manager of Wal-Mart to call an ambulance for her. (*Id.* ¶ 18.) Because Rizek immediately knew she was injured, the statute of limitations began to run on April 3, 2021, and expired on April 3, 2023. Rizek cites *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022) in support of her position that a claim does not accrue until a plaintiff knows, or reasonably should know, of both their injury and the source of that injury. (Doc. No. 41, at 1–2.) But *Snyder-Hill* is inapplicable because when a federal court exercises jurisdiction over a state law claim, the law of the forum state determines the claim's accrual date. *Jackson v. Kingdom Hall of Jehovah Witness*, No. 1:22-cv-01133, 2023 WL 2674181, at *3 (W.D. Tenn. March 1, 2023) (citing *Runkle v. Fleming*, 558 Fed. App'x 628, 635 (6th Cir. 2014)). Under Ohio law, except as otherwise provided, "a cause of action [for bodily injury] accrues . . . when the injury or loss to person or property occurs." Ohio Rev. Code § 2305.10(A).[2]

Furthermore, the Supreme Court of Ohio "has been careful to note that the discovery rule must be specially tailored to the particular context to which it is to be applied." *McManus v. Smith & Nephew, Inc.*, No. 3:19-cv-066, 2020 WL 127702, at *4 (S.D. Ohio Jan. 10, 2020) (citing *Norgard v. Brush Wellman, Inc.*, 766 N.E.2d 977, 979 (Ohio 2002)). Ohio courts have applied the discovery rule in cases where the plaintiff's injury or a defendant's involvement in the injury was initially undetectable. *See, e.g.*, *Melnyk v. Cleveland Clinic*, 290 N.E.2d 916, 916–18 (items negligently left inside a surgical patient's body); *O'Stricker*, 447 N.E.2d at 732 (illness resulting from past exposure to asbestos); *Browning v. Burt*, 613 N.E.2d 993,

---

[2] If the Court applied federal law regarding accrual dates, the result would be the same because Ohio Rev. Code § 2305.10(A) provides a "statutory directive to the contrary" of the rule Rizek cites. *See Snyder-Hill*, 48 F.4th at 698.

1005 (Ohio 1993) (illness resulting from a hospital's negligent credentialing of a physician).

In contrast, Ohio courts have declined to apply the discovery rule in standard personal injury cases such as this one. For example, in *Brown v. Quimby Material Handling*, No. 1999AP110066, 2000 WL 874917, at *1 (Ohio Ct. App. June 15, 2000), the plaintiff suffered injuries when he fell from a hydraulic lift truck while working for a furniture company. No one had given him a safety tethering device. *Id.* While the plaintiff knew of his injury before the statute of limitations had run, he argued that the court should apply the discovery rule because he did not know who was responsible for the failure to provide a safety tethering device until after the statute of limitations had run. *Id.* The court declined to apply the discovery rule, however, reasoning that "the discovery rule is predicated on the 'discovery of the injury' not the perpetrator of the injury." *Id.* at *3. Therefore, in a personal injury case where the injury is immediately apparent, the statute of limitations begins to run when the injury occurs. *See also Roe v. Lopez*, No. WD-89-4, 1989 WL 83894, at *2 (Ohio Ct. App. July 28, 1989); *Barker v. Gibson*, No. 1998CA00144, 1999 WL 101318, at *2 (Ohio Ct. App. Feb. 8, 1999).

Because the discovery rule is not applicable in this case, the statute of limitations began to run on April 3, 2021, when Rizek's injuries occurred, and expired on April 3, 2023. Ohio Rev. Code § 2305.10(A); (*see* Doc. No. 29 ¶¶ 10–13). Rizek brought her claim against TABC on December 6, 2023. (*See* Doc. No. 29 ¶¶ 31–52.) Therefore, Rizek's claim against TABC is time-barred.[3]

---

[3] Although the delayed-damages rule applies in this case, it does not change the result. The delayed-damages rule provides that the statute of limitations begins to run when the plaintiff suffers injury. *Velotta*, 433 N.E.2d at 150. Here, Rizek's injuries occurred on April 3, 2021. (Doc. No. 29 ¶¶ 10–13.) Thus, the statute of limitations began to run on April 3, 2021, under either a standard tort theory or a delayed-damages theory.

### III. MOTION FOR LEAVE TO AMEND

Rizek seeks leave to amend her complaint to add factual allegations regarding her discovery of TABC as the entity responsible for her injuries. (Doc. No. 45, at 1.) In general, a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "But a court need not grant a motion to amend when the reason for amendment is improper, such as . . . *futility of amendment*[.]" *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir. 2022) (emphasis in original) (internal quotation marks and citation omitted). An amendment is futile when, after including the proposed changes, the complaint still "could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (further citation omitted)).

Rizek specifically seeks to add the following allegations: (1) "Prior to the within litigation, [p]laintiff had no knowledge that [TABC] even existed[;]" (2) "Prior to the within litigation, [p]laintiff had no knowledge that Walmart utilized third party vendors to service its shelving[;]" (3) "Plaintiff did not learn of the existence of [TABC] and that its conduct may be the cause of [p]laintiff's injuries until November 27, 2023[;]" and (4) "No amount of reasonable diligence would have put [p]laintiff on notice of [ABC's] existence or its conduct giving rise to [p]laintiff's injuries." (Doc. No. 45-1 (Third Amended Complaint) ¶¶ 42–45.)

As explained previously, the discovery rule does not apply in this case because Rizek's injuries immediately manifested themselves. Therefore, further amending the pleadings to add allegations regarding when Rizek's discovered that TABC may have been the source of her immediately apparent injuries would not prevent her claim against TABC

8

from being dismissed. Regardless of when she knew or should have known that TABC was responsible for her injuries, the statute of limitations expired before she added TABC as a defendant in this case. Therefore, the proposed amendment would be futile, and leave to amend must be denied.

## IV. CONCLUSION

For the reasons given, TABC's motion to dismiss (Doc. No. 35) is GRANTED, and Rizek's motion for leave to amend (Doc. No. 45) is DENIED. Having no further pending claims against it, defendant The American Bottling Company is terminated from this action.

**IT IS SO ORDERED**.

Dated: May 2, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**